IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MINDY IVES,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00011-O-BP |
| § | |
| **KROGER TEXAS L.P.,** § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Response in Opposition to Notice of Removal, or in the Alternative, Motion to Remand and Supporting Brief (ECF No. 5), filed on January 23, 2017 and the same pleading (ECF No. 6) filed on January 24, 2017; Defendant's Response to Plaintiff's Motion to Remand (ECF No. 11), filed on February 8, 2017; and Plaintiff's Reply to Defendant's Response (ECF No. 15), filed on February 15, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 24, 2017. ECF No. 16. A motion to remand is a dispositive matter to which the undersigned may only make a recommendation to Judge O'Connor. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). After considering the pleadings and applicable law, the undersigned RECOMMENDS that Judge O'Connor DENY Plaintiff's Motion to Remand (ECF Nos. 5 and 6).

**I.     BACKGROUND**

This case arises from a slip and fall incident in a Kroger store that involved Plaintiff Mindy Ives ("Plaintiff"). ECF No. 1-2 at 14. Plaintiff filed suit on October 10, 2016 in the County Court at Law No. 2 of Tarrant County, Texas, alleging negligence and premises liability. *Id.* Defendant

Kroger Texas L.P. ("Defendant") removed the case from state court on January 4, 2017. ECF No. 1. Plaintiff's Original Petition alleged that the range of damages sought was between $0 and $100,000 in order to satisfy the jurisdictional requirements of the state court. ECF No. 1-2 at 13. In response to Defendant's Requests for Admissions served on December 19, 2016, Plaintiff admitted that she sought damages in excess of $75,000. *Id.* at 2. Removal to this Court followed on January 4, 2017 with the filing of Defendant's Notice of Removal, which alleged diversity jurisdiction. ECF No. 1 at 1. On January 6, 2014, Plaintiff served the Defendant with Plaintiff's First Amended Response to Defendant's Requests for Admissions in which she amended her previous response and stated that she denied that she was seeking damages in excess of $75,000. ECF No. 6 at 32. Plaintiff contends that the Court should remand this case because the amount in controversy does not exceed the jurisdictional amount. ECF Nos. 5 and 6. She does not contest the complete diversity of citizenship of the parties. *Id.*

## II.   LEGAL STANDARD AND ANALYSIS

A defendant may remove an action from state court to a federal district court, if the latter has original jurisdiction. 28 U.S.C. § 1441(a). "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question' jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (citing 28 U.S.C. §§ 1331, 1332, and 1369). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332.

Parties may object to removal due to the district court's lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). A removing defendant has the burden of establishing that removal

was proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). When the plaintiff's complaint fails to specify an amount in controversy, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A court has two methods to determine whether the amount in controversy exceeds the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). First, removal is proper if it is facially apparent from the complaint that the claims are likely to exceed $75,000. *Id.* Second, if the amount in controversy is not facially apparent from the complaint, the removing party may support federal jurisdiction by proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* During this jurisdictional analysis, the court may consider "summary-judgment-type evidence." *Id.* at 1336. The court may also consider pleadings or affidavits submitted by the plaintiff for the purpose of clarifying the amount in controversy. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). "Any ambiguities or doubts should be construed in favor of remand." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Removal may not be based on conclusory allegations alone. *Id.* (citation omitted).

In the present action, Plaintiff's Original Petition does not allege a specific amount of damages, but does state that "[t]his case is one in which the range of damages sought it between $0 and $100,000 dollars." ECF No. 1-2 at 13. In response to Defendant's Request for Admission No. 1: "Admit that You are seeking damages in excess of $75,000, exclusive of interest and costs[,]" Plaintiff answered: "Admit." *Id.* at 2. Within the time period allowed, the Defendant then removed the case to this Court, arguing that removal was proper following Plaintiff's admission in discovery that she was seeking damages in excess of $75,000. ECF No. 1 at 2. Pursuant to 28 U.S.C. § 1446(b), "when an action is not initially removable, the defendant has 30 days after it

receives a copy of 'other paper from which it may first be ascertained' that the case is or has become removable." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). "Other paper" requires a voluntary act of the plaintiff that converts a non-removable case into one that can be removed. *Id.*

Defendant contends that Plaintiff's Response and Objections to Defendant's Requests for Admissions satisfies Defendant's burden of proof to establish diversity jurisdiction because the discovery responses were Plaintiff's voluntary acts that gave Defendant notice that the damages sought exceed $75,000. ECF No. 1-2 at 2. The discovery response was signed by Plaintiff's counsel and as such is taken as true. Fed. R. Civ. P. 11. The Court finds that Plaintiff's discovery responses are "other paper" as provided by 28 U.S.C. § 1446(b), and serve as sufficient evidence of an amount in controversy over $75,000. *See Freeman v. Witco Corp.*, 984 F. Supp. 443, 447 (E.D. La. 1997) (party's Responses to Request for Admission constitute "other paper" under § 1446(b)). Defendant met its burden to demonstrate by a preponderance of the evidence that Plaintiff seeks damages in excess of $75,000, and therefore removal was proper.

A plaintiff moving to remand may prevail by showing with "legal certainty" that the claims alleged are for less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). However, post-removal actions purporting to reduce the amount in controversy generally do not deprive the district court of jurisdiction. *Gebbia*, 233 F.3d at 882. Plaintiff argues that the Court should remand the case because she served a First Amended Response to Defendant's Requests for Admissions in which she denied seeking damages in excess $75,000. ECF No. 6 at 31. Plaintiff's argument is contrary to the established precedent. "[A] plaintiff may not defeat removal by subsequently changing [her] damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached[.]" *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d

256, 265 (5th Cir. 1995). Although the Court may consider a post-removal pleading submitted by the plaintiff for the purposes of clarifying the amount in controversy question, the Court finds that Plaintiff's amended discovery response does not clarify the amount in controversy, but instead is merely a conclusory statement that damages sought will not exceed $75,000. *Gebbia*, 233 F.3d at 882. The facts that support removal "must be judged at the time of the removal." *Id.* at 883. The Plaintiff's post-removal amendment of her discovery responses is ineffective to change the jurisdictional facts at the time of removal.

Because removal of this case from state court was proper and Plaintiff's post-removal amended discovery response did not deprive this Court of jurisdiction, the undersigned RECOMMENDS that Judge O'Connor DENY Plaintiff Mindy Ives' Response in Opposition to Notice of Removal, or, in the Alternative, Motion to Remand and Supporting Brief (ECF Nos. 5 and 6).

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

     Signed on March 17, 2017.

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE