IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MINDY IVES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00011-O-BP |
| | § | |
| **KROGER TEXAS L.P.,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Defendant's Motion for Involuntary Dismissal (ECF No. 28), filed December 7, 2017. Plaintiff Mindy Ives ("Ives") has not filed a response despite the Court notifying her of the deadline to respond and, though she did not seek an extension, extending the response deadline *sua sponte*. ECF Nos. 31 & 39.

Ives alleged that she slipped on a puddle of water and fell near the produce section of one of Defendant Kroger Texas L.P.'s ("Kroger") stores on December 5, 2014. ECF Nos. 1 at 2 & 1-2 at 13–14. Ives sued Kroger for negligence and premises liability. ECF No. 1 at 2 & 1-2 at 14–15. She filed suit on October 10, 2016, in County Court at Law No. 2 of Tarrant County, Texas. ECF Nos. 1 at 2 & 1-2 at 7. On January 4, 2017, Kroger timely removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1.

Kroger filed a Motion for Involuntary Dismissal on December 7, 2017, seeking dismissal under Rule 41(b) of the Federal Rules of Civil Procedure for Ives's failure to prosecute her claims. ECF No. 28 at 2. Federal Rule of Civil Procedure 41(b) gives a district court the authority to dismiss a case *sua sponte* for want of prosecution or for failure to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's

inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id*. at 880; *see also Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). A dismissal without prejudice that has the effect of barring a later complaint because of a statute of limitations will operate as a dismissal with prejudice. *Long*, 77 F.3d at 880; *Cole v. Barnhart*, 193 Fed. App'x. 279, 281 (5th Cir. 2006); *Benson v. Astrue*, CIVA3:08CV1506-D, 2008 WL 5378179, at *3 (N.D. Tex. Dec. 23, 2008).

Ives's lack of prosecution of her case warrants dismissal. Ives has not filed a response to Kroger's motion to dismiss (ECF No. 28) despite the Court notifying her of the deadline to respond and, though she did not seek an extension, extending the response deadline *sua sponte*. ECF Nos. 31 & 39. Ives postponed her first scheduled deposition on May 25, 2017, and did not appear for her second scheduled deposition on September 29, 2017. ECF No. 28 at 1–2. The parties again rescheduled the deposition, for November 16, 2017, and Ives again did not appear. ECF Nos. 26 at 2 & 28 at 2. Ives's attorney moved to withdraw on November 30, 2017, because Ives missed her depositions and the attorney was unable to reach Ives by phone or mail. ECF No. 26 at 1. The Court granted Ives's attorney's motion to withdraw on December 1, 2017. ECF No. 27. Since her attorney withdrew, Ives has not made any filings or communicated with this Court in any way, and all mail that the Clerk of Court sent to Ives's address of record since December 8, 2017, has been returned as undeliverable. ECF Nos. 32–33, 38, & 40.

A dismissal of Ives's case without prejudice will likely operate as a dismissal with prejudice because any future suit for the alleged slip-and-fall on December 5, 2014, will be outside of the statute of limitations. Texas has a two-year statute of limitations for negligence and premises liability claims, under Texas Civil Practice & Remedies Code § 16.003(a). *Henderson v. Republic of Texas*, 672 Fed. App'x 383, 384 (5th Cir. 2016); *Ayala v. Home Depot USA, Inc.*, Civ. A. No. 1:16VCVV076, 2017 WL 1164170, at *3 (S.D. Tex. Mar. 29, 2017). Even a dismissal that has the effect of being with prejudice is appropriate in this case, however, because of Ives's clear record of delay and refusal to comply with court orders. *See Benson*, Civ. A. No. 3:08CV1506-D, 2008 WL 5378179, at *3 (Fitzwater, J.) (adopting the findings, conclusions, and recommendation of the magistrate judge, who found "a clear record of delay and contumacious conduct" and recommended dismissal where plaintiff twice failed to respond to court orders and filed no pleadings after his complaint). On the facts of the present case, Judge O'Connor should dismiss Ives's complaint without prejudice due to her failure to prosecute the case.

Ives is cautioned that although the recommended dismissal is without prejudice, the effect of dismissing this action for failure to prosecute and to obey the Court's orders may subject any subsequent complaint she files regarding the claims in the instant action to a statute of limitations defense. Because Ives's claims will likely be time-barred, the undersigned recommends that Judge O'Connor **GRANT** Defendant's Motion for Involuntary Dismissal (ECF No. 28) and **DISMISS** Plaintiff's Complaint (ECF No. 1) **without prejudice** to her right to reopen the case provided that Ives files a motion to reopen along with a brief in support on or before 30 days from the date of Judge O'Connor's order dismissing the case.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed February 23, 2018.

*(signature)*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE